UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TOM FRANKLIN,

                Plaintiff,                        **TRANSFER ORDER**
                                                                    10-CV-3912 (CBA)

      -against-

US BANK NATIONAL ASSOCIATION;
GMAC MORTGAGE,

                Defendants.
------------------------------------------------------------x
AMON, United States District Judge:

      Plaintiff, who currently resides in Fort Worth, Texas, brings this *pro se* complaint against defendants alleging that he is a victim of a predatory lending scheme. The three named defendants are located in Santa Monica, California; Dallas, Texas; and Waterloo, Iowa. Plaintiff alleges that defendants have denied him "the opportunity to own and refinance his home because of predatory lending policies." Complaint at ¶ 7. Specifically, plaintiff alleges that defendants have engaged "in a pattern of discriminatory conduct-targateting [sic] borrowers on the basis of race, national origin, age and gender . . . Id. at ¶ 9A. For the reasons stated below, this case is transferred to the United States District Court for the Northern District of Texas.

## DISCUSSION

      Generally, a court will not transfer a case where it lacks subject matter jurisdiction over the action. See Arrocha v. Panama Canal Com'n, 609 F. Supp. 231, 236 (E.D.N.Y. 1985) ("Of course, a district court may only transfer an action if it has jurisdiction over the subject matter of the suit." (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 3827 at

1

170 (1976)). It is well established, however, that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (noting that "when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally" (internal quotation marks omitted) (alterations in original)); McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007). Liberally construing plaintiff's complaint, then, plaintiff may state a claim, for example, under either the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., or the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et. seq.[1] See, e.g., Ng v. HSBC Mortg. Corp., No. 07-CV-5434 (RRM)(VVP), 2010 WL 889256 (E.D.N.Y. March 10, 2010). As the Court transfers the action to the Northen District of Texas, however, the Court reserves for that court a more definite construction of the plaintiff's claims for relief.

Because the Court finds that it likely retains federal question jurisdiction over the action, it now turns to whether venue is appropriate in this Court. The relevant general venue provision is found at 28 U.S.C. § 1391, which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[1] The Court makes no judgment as to the ultimate sufficiency of such claims.

28 U.S.C. § 1391(b).

Here, plaintiff's complaint alleges no connection with this District whatsoever. The complaint does, however, allege that the plaintiff lives in Fort Worth, Texas, and that he is a victim of a predatory lending scheme in connection with a mortgage, presumably on the address that plaintiff provides on the complaint. Additionally, one of the three defendants resides in Dallas, Texas. Accordingly, this action is hereby transferred to the United States District Court for the Northern District of Texas. 28 U.S.C. §§ 1391(b), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of Texas. No summonses shall issue from this Court. A ruling on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven day delay is waived.

SO ORDERED.

s/Carol B. Amon

Carol B. Amon
United States District Judge

Dated: Brooklyn, New York
November 3, 2010

3